UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-80104-Cr-Rosenberg/Reinhart

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 982(a)(2)

UNITED STATES OF AMERICA

v.

ANITHO RENE,
JACQUELINE MOLINA, and
HAROLD SERENOT,

Defendants.
_____/

FILED BY ___TM___ D.C.

Jun 15, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

# INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security (CARES) Act was a federal law enacted in March 2020, to provide financial assistance to Americans suffering economic harm from the COVID-19 pandemic. One source of relief provided through the CARES Act was the authorization of forgivable loans to businesses for job retention and certain other expenses, through a program called the Paycheck Protection Program (PPP).

2. The PPP allowed qualifying small businesses and other organizations to receive PPP loans. Businesses were required to use PPP loan proceeds on payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be

entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds on payroll expenses.

3. The amount of a PPP loan that a small business was entitled to receive was determined by the number of employees employed by the business and the business's average monthly payroll costs.

4. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its average monthly payroll expenses and number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

5. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own funds. While a participating lender issued the PPP loan, the loan was 100% guaranteed by the United States Small Business Administration ("SBA"), an executive branch agency of the United States government.

### The Defendants and Relevant Entities

6. Defendant **ANITHO RENE** was a resident of Palm Beach County, Florida.

7. Defendant **JACQULINE MOLINA** was a resident of Palm Beach County, Florida.

8. Defendant **HAROLD SERENOT** was a resident of Palm Beach County, Florida.

9. Rene Investments Group, LLC was a corporation with a principal address in Palm Springs, Florida.

10. Harvest Small Business Finance, LLC ("Harvest") was a corporation that was headquartered in Laguna Hills, California. Harvest was an approved SBA lender of PPP loans.

11. Celtic Bank Corporation ("Celtic Bank") was a financial institution that was headquartered in Salt Lake City, Utah. Celtic Bank was an approved SBA lender of PPP loans.

## COUNT 1
## Conspiracy to Commit Wire Fraud
## (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around February 2021, and continuing through in or around January 2022, the exact dates being unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, the defendants,

**ANITHO RENE,
JACQUELINE MOLINA, and
HAROLD SERENOT,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and to transmit and cause to be transmitted by means of wire communication in interstate

commerce writings, signs, signals, and pictures for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Conspiracy

3.   It was the purpose of the conspiracy for the conspirators to unlawfully enrich themselves and others by, among other things, submitting and causing the submission of false and fraudulent applications for PPP loans and diverting the proceeds of those loans for the personal use and benefit of the conspirators and others and to further the conspiracy.

### Manner and Means of the Conspiracy

The manner and means by which the defendants and other conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.   **JACQUELINE MOLINA**, **HAROLD SERENOT** and other conspirators provided **ANITHO RENE** with personal information, knowing that **ANITHO RENE** would use this information to submit false and fraudulent PPP loan applications.

5.   **ANITHO RENE** submitted and caused to be submitted multiple PPP loan applications on behalf of the conspirators, including, but not limited to, **JACQUELINE MOLINA** and **HAROLD SERENOT**.

6.   On each PPP loan application, **ANITHO RENE** falsely stated and caused to be stated the named applicant company's monthly payroll.

7.   On or about March 22, 2021, **ANITHO RENE** submitted, and caused the submission of, a PPP loan application on behalf of **JACQUELINE MOLINA** seeking a PPP loan in the amount of approximately $20,833.00. In the PPP application, **ANITHO RENE and JACQUELINE MOLINA** falsely represented that **JACQUELINE MOLINA'S** sole proprietorship had an average monthly payroll of approximately $8333.33.

8. As a result of the false and fraudulent PPP application, Harvest approved and funded the PPP loan for **JACQUELINE MOLINA**. On or about March 31, 2021, Harvest transferred approximately $20,833.00 to a bank account controlled by **JACQUELINE MOLINA**.

9. On or about March 22, 2021, **ANITHO RENE** submitted, and caused the submission of, a PPP loan application on behalf of **HAROLD SERENOT** seeking a PPP loan in the amount of approximately $20,833.00. In the PPP application, **ANITHO RENE and HAROLD SERENOT** falsely represented that **HAROLD SERENOT'S** sole proprietorship had an average monthly payroll of approximately $8333.33.

10. As a result of the false and fraudulent PPP application, Harvest approved and funded the PPP loan for **HAROLD SERENOT**. On or about April 8, 2021, Harvest transferred approximately $20,833.00 to a bank account controlled by **HAROLD SERENOT**.

11. The conspirators spent much of the loan proceeds for their personal use and benefit, not for payroll costs, interest on mortgages, rent, or utilities.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-3
### Wire Fraud
### (18 U.S.C. § 1343)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around March 2021, and continuing through in or around January 2022, the exact dates being unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, the defendants,

**ANITHO RENE,
JACQUELINE MOLINA, and
HAROLD SERENOT,**

5

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Scheme and Artifice

3. It was the purpose of the scheme and artifice for the defendants to unlawfully enrich themselves and others by, among other things, submitting and causing the submission of false and fraudulent applications for PPP loans and diverting the proceeds of those loans for the personal use and benefit of the defendants and others and to further the scheme and artifice.

### The Scheme and Artifice

4. The Manner and Means section of Count 1 of this Indictment is realleged and incorporated by reference as though fully set forth herein to describe the manner and means of the scheme and artifice.

### USE OF WIRES

5. On or about the dates specified below, in the Southern District of Florida, and elsewhere, **ANITHO RENE, JACQUELINE MOLINA,** and **HAROLD SERENOT**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent

when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| Count | Defendants | Approx. Date | Description of Wire |
|---|---|---|---|
| 2 | **ANITHO RENE** and **JACQUELINE MOLINA** | March 22, 2021 | Electronic transmission of a PPP Loan Application, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |
| 3 | **ANITHO RENE** and **HAROLD SERENOT** | March 22, 2021 | Electronic transmission of a PPP Loan Application, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |

In violation of Title 18, United States Code, Section 1343.

## COUNT 4
## Wire Fraud
## (18 U.S.C. § 1343)

1.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.     From in or around March 2021, and continuing through in or around August 2021, the exact dates being unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, the defendant,

**ANITHO RENE,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and

artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Scheme and Artifice

3. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself and others by, among other things, submitting and causing the submission of a false and fraudulent application for a PPP loan and diverting the proceeds of that loan for the personal use and benefit of the defendant and others and to further the scheme and artifice.

### The Scheme and Artifice

6. The manner and means by which the defendant sought to accomplish the object and purpose of the scheme and artifice included, among others, the following:

7. On or about March 9, 2021, **ANITHO RENE** submitted and caused to be submitted a PPP loan application on behalf of Rene Investments Group, LLC, seeking a PPP loan in the amount of approximately $135,237.00.

8. In the PPP loan application, **ANITHO RENE** falsely stated and caused to be stated Rene Investments Group, LLC's monthly payroll.

9. As a result of the false and fraudulent PPP application, Celtic Bank approved and funded the PPP loan for Rene Investments Group, LLC. On or about March 12, 2021, Celtic Bank transferred approximately $135,237.00 to a bank account controlled by **ANITHO RENE**.

10. **ANITHO RENE** spent much of the loan proceeds for his personal use and benefit, not for payroll costs, interest on mortgages, rent, or utilities.

11. On or about May 27, 2021, **ANITHO RENE** submitted and caused to be submitted a PPP loan forgiveness application on behalf of Rene Investments Group, LLC.

## USE OF WIRES

12. On or about March 9, 2021, in the Southern District of Florida, the defendant **ANITHO RENE,** for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is, an electronic application from the Southern District of Florida to outside of the State of Florida, for a PPP loan, in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, **ANITHO RENE, JACQUELINE MOLINA, and HAROLD SERENOT**, have an interest.

2. Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from, proceeds obtained directly or indirectly, as a result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(2), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
SHANNON SHAW
ASSISTANT UNITED STATES ATTORNEY

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

ANITHO RENE, et al.,

_____/
Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __6__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)                     (Check only one)
   I    ☐ 0 to 5 days                   ☐ Petty
   II   ☒ 6 to 10 days                  ☐ Minor
   III  ☐ 11 to 20 days                 ☐ Misdemeanor
   IV   ☐ 21 to 60 days                 ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Shannon Shaw
Assistant United States Attorney
FL Bar No.    92806

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __ANITHO RENE__

Case No: _____

Count # 1:

Wire Fraud

18 U.S.C. § 1343
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 fine or twice the value of the gross gain or loss, whichever is greater

Counts # 2-4:

Wire Fraud

18 U.S.C. § 1343
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 fine or twice the value of the gross gain or loss, whichever is greater

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __JACQUELINE MOLINA_____

Case No: _____

Count # 1:

Conspiracy to Commit Wire Fraud

18 U.S.C. § 1349
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000 fine or twice the value of the gross gain or loss, whichever is greater

Count # 2:

Wire Fraud

18 U.S.C. § 1343
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000 fine or twice the value of the gross gain or loss, whichever is greater

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __HAROLD SERENOT__

**Case No:** _____

Count # 1:

Conspiracy to Commit Wire Fraud

18 U.S.C. § 1349
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000 fine or twice the value of the gross gain or loss, whichever is greater

Count # 3:

Wire Fraud

18 U.S.C. § 1343
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000 fine or twice the value of the gross gain or loss, whichever is greater

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.